since September, 1891, and has collected the rents thereof, and has accepted the sum of $4,000 in cash from the defendant, thereby ratifying and confirming the execution and delivery of the deeds sought to be set aside, it is apparent that she is not now in a position to disaffirm the election which she made in receiving her deed in lieu of dower. As to the $6,000 remaining, that is a claim which she can enforce in an action at law, and it cannot be made the basis for equitable relief. As to the second cause of action, it appears that the property was paid for by the father of defendant, as was the house erected on the premises, and that the deed was taken out in the name of the daughter. But it appears that it was recorded the day after it was made, and so remained of record until after the death of the father. The claim made by appellant is that in some way there was a resultant trust in favor of the estate of James Lee; but the statute effectually disposes of this by declaring that property bought or money paid under these circumstances will only establish a resultant trust in favor of creditors, and the cases construing this statute as to resultant trusts are uniform in upholding the rule that no trust results in favor of a party paying the consideration for a conveyance. We have thus given the most favorable view to the testimony in support of the two causes of action set forth in the complaint; because, assuming that they could have been established, and, as so established, entitling the plaintiff to no such relief as she asks, it effectually disposes of the numerous exceptions taken to rulings excluding evidence, which could only be evidence directed to supporting the conclusions which, from the record, we are able to reach without the aid of the testimony thus excluded. We think, as did the learned trial judge, that, there being no allegation nor proof of fraud, or of undue influence or overreaching in the transaction, but that, the plaintiff having entered into an agreement which she at the time thought was reasonable and fair, it is too late for her to disaffirm her action with respect to the conveyances made as set forth in her first cause of action. And as to her second cause of action she is not in a position to invalidate the deed which was made to the defendant, though the consideration therefor was paid by James Lee.

We think, therefore, that the case was correctly disposed of by the learned trial judge, and that the judgment should be affirmed, with costs. All concur.

---

FARLEIGH v. CADMAN et al.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

1. GIFTS—BANK DEPOSITS.
   A deposit in a bank by a wife in the name of her husband, and in his presence, in trust for a third person, creates a gift in trust, though the husband controls the fund during his life.

2. SAME—CONTROL OF DEPOSITS—TRUSTEE'S PROPERTY.
   Deposits in a bank by a husband to the credit of an account opened by his wife in his name, in trust for a third person, are subject to his control, and

do not pass as a gift to the beneficiary of the trust, where the husband declared at the creation of the trust that he would control it for life, and finally placed the additional deposits to the credit of another.

Appeal from special term, Kings county.

Action by Cora Imogene Farleigh against Alfred J. Cadman and others to have $778 and interest, deposited by Sarah Cadman in the name of William J. Cadman, for the benefit of plaintiff, declared a trust, and to have other moneys added by William J. Cadman to the deposit declared a part of such trust fund. From a judgment declaring a trust in part of such fund in favor of plaintiff, both parties appeal. Affirmed.

The opinion of Mr. Justice GAYNOR at special term is as follows:

That Mrs. Cadman intended to make a gift to the plaintiff of the money standing to her credit in this bank is unquestionable. She so told the treasurer of the bank, and advised with him. It was his suggestion that the gift might be made by not putting the money in the name of the plaintiff, in the bank, but by putting it in the name of Mr. Cadman as trustee of the plaintiff, and Mrs. Cadman acquiesced in the suggestion. She had no intention of making a gift to her husband of the money, and what she said when transferring the account to his name, as trustee for the plaintiff, at the bank, does not prove that she had, even if it were competent to so prove. There was, at all events, a valid gift to the plaintiff of the money Mrs. Cadman had on deposit. Mr. Cadman expressed an intention of controlling it during his life, when the account was being transferred to him as trustee. This might evince that he was to be trustee for life; or that he desired to control the fund, but it does not prove that Mrs. Cadman was not making an absolute gift; for that was her intention, as I find upon the evidence. But, as to the deposits made to this trust account afterwards by Mr. Cadman, I think the intention to control, expressed by Mr. Cadman at the time of opening the account, governs them. The cases treat the question of the gift as one of the intention. Willis v. Smyth, 91 N. Y. 297; Mabie v. Bailey, 95 N. Y. 206. And I find, so far as these deposits were concerned, the intention of Mr. Cadman was that they were not to be an absolute gift, but to remain subject to his control. This appears from what he said when he opened the account, and, while that does not affect the gift of Mrs. Cadman, was, though so intended, also to apply to any moneys of his own which he should afterwards deposit to that account, and it did so apply. Also, the moneys deposited after the account was changed to be in trust for Alfred J. Cadman do not belong to the plaintiff. Let findings be prepared accordingly.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

H. S. Bellows (G. G. Reynolds, of counsel), for plaintiff.
Benedict & Benedict (R. D. Benedict, of counsel), for defendants.

PER CURIAM. Judgment affirmed, without costs, on opinion at special term. All concur.

---

(18 Misc. Rep. 464.)

SIELING v. CLARK.

(Supreme Court, Appellate Term, First Department. November 25, 1896.)

1. FRAUD—PRIMA FACIE CASE—PASSING BAD CHECKS.
    A prima facie case of fraud is made out by proof that a party induced another to cash his checks when he had not enough funds in the bank to meet them.

2. SAME—QUESTION FOR JURY.
    Where one drew checks against a bank in which he had not enough funds to meet them, the question whether the fact that he had an account with the